UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH MALLORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:13CV363 RWS |
| ) | (TIA) |
| CAROLYN W. COLVIN,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court, sua sponte, upon review of the file.  The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

Plaintiff seeks judicial review of the denial of his application for Supplemental Security Income claiming that the impairments from which he suffers entitles him to receipt of disability benefits and the Administrative Law Judge ("ALJ") erred in his decision to deny benefits.  The undersigned notes that Defendant has submitted the administrative record in this cause, which includes the transcript of the hearing before the ALJ and the medical records which were submitted to and relied upon by the ALJ in rendering his decision.  In light of this record, the undersigned anticipates no conflicting testimony in this cause.  Plaintiff seeks review of an adverse determination by the Social Security Administration, and such review requires this Court to determine whether substantial evidence supports the Commissioner's decision to deny Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is therefore substituted for Michael J. Astrue as the Defendant in this action.

benefits. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

This cause is on appeal from an adverse ruling by the Social Security Administration. Plaintiff's Complaint was filed on February 26, 2013. (Docket No. 1). On March 6, 2013, the Court entered a Case Management Order setting out the briefing schedule to be followed in this cause in accordance with Rule 9.02 of the Local Rules of this Court.[2] (Docket No. 6). Defendant Commissioner of Social Security timely filed her Answer to Plaintiff's Complaint on May 6, 2013. (Docket No. 14). As such, pursuant to Local Rule 9.02, Plaintiff's brief in support of his Complaint was to be filed not later than June 6, 2013. A review of the Court file shows that, to date, Plaintiff has not filed a brief in support of his Complaint, or in any other way complied with the Local Rules or previous Order of this Court.

On September 19, 2013, the undersigned entered an Order directing Plaintiff to inform the Court, in writing, whether he intends to pursue his claims based solely on the allegations made in his Complaint, or whether he wishes to pursue his claims by way of a separate Brief in Support of Complaint. The record shows that Plaintiff failed to comply with the Order by filing with the Court a pleading stating whether he intends to pursue his claims based solely on the allegations

---

[2]Local Rule 9.02 provides:

[T]he Commissioner shall file any motion to dismiss, motion to remand, and/or answer within sixty (60) days of service of the complaint. ... The plaintiff shall, unless otherwise ordered by the court, serve and file a brief in support of the complaint within thirty (30) days after the Commissioner's service of an answer and the administrative transcript. The Commissioner shall serve and file a brief in support of the answer within thirty (30) days after service of the plaintiff's brief. Plaintiff shall have ten (10) days after service of the Commissioner's brief to file a reply brief.

made in his Complaint, or whether he wishes to pursue his claims by way of a separate Brief in Support of Complaint.  Accordingly,

**IT IS HEREBY ORDERED**  that no later than November 27, 2013, Plaintiff shall either file a brief in support of his Complaint or a pleading stating that he intends to pursue his claims based solely on the allegations set forth in his Complaint.  In the event Plaintiff wishes to pursue his claims by way of a separate Brief in Support of Complaint, Plaintiff shall set forth therein the specific bases upon which he claims the Commissioner to have erred in the determination to deny him benefits.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, the undersigned will recommend the case be dismissed without prejudice for failure to prosecute and failure to comply with the Orders of the Court.

/s/Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of November, 2013.